Matter of Marine Engineers' Beneficial Assn. v City of New York (2019 NY Slip Op 01327)





Matter of Marine Engineers' Beneficial Assn. v City of New York


2019 NY Slip Op 01327


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8479 651627/17

[*1]In re Marine Engineers' Beneficial Association, Petitioner-Respondent, Timothy Wood, Petitioner,
v
City of New York, et al., Respondents-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for appellants.
Tabak Mellusi & Shisha LLP, New York (Jacob Shisha of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 26, 2017, which denied respondents' cross motion to vacate an arbitration award dated March 1, 2017, and granted petitioners' motion to confirm the award, unanimously affirmed, without costs.
After petitioner Wood was found asleep on duty during a shift as Chief Marine Engineer (CME) of a Staten Island ferryboat, he and petitioner union and respondents entered into an agreement in which Wood agreed to a 30-day suspension without pay "in full satisfaction of the disciplinary matter." Upon returning to work following the suspension, Wood was told that he could not work as a Chief Marine Engineer (CME) aboard vessels in service and could not bid for jobs in his title. Although Wood retained his CME title and hourly rate of pay for regular and overtime duty, the number of overtime hours available to him in the jobs in the lower title to which he was permitted to bid was limited.
The arbitrator found that respondents' restriction of Wood's bidding rights after his suspension was a de facto demotion based on "the identical conduct" "dealt with" in the settlement agreement, and therefore violated the section of the parties' collective bargaining agreement that provided, "Per annum Licensed Officers shall have the right to bid for jobs on the basis of seniority. Such bid will be permanent for one year. Changes may be made before the expiration of the year by mutual consent of the Licensed Officers, subject to prior approval by the Employer. Such approval shall not be unreasonably withheld."
Respondents argue that the arbitration award, which found that Wood had the right to bid and work as a full-duty CME without regard to the incident that gave rise to the settlement agreement, violates public policy with respect to maritime passenger safety. However, respondents' safety concerns, albeit important, are not "embodied in constitutional, statutory or common law [that] prohibit a particular matter from being decided or certain relief from being granted by an arbitrator" (Matter of Local 333, United Mar. Div., Intl. Longshoreman's Assn., AFL-CIO v New York City Dept. of Transp., 35 AD3d 211, 213 [1st Dept 2006], lv denied 9 NY3d 805 [2007]). Respondents' claim of management prerogative pursuant to New York City [*2]Administrative Code § 12-307(b) is also availing (id.), as is their reliance on 18 USC § 1115 ("Misconduct or neglect of ship officers"), which cannot be read to bar or add to the actions taken by the parties' representatives to resolve this disciplinary matter.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK